**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raymond L. MCCLENDON, Defendant–Appellant.**

**No. 01–5629.**

United States Court of Appeals, Sixth Circuit.

Jan. 6, 2003.

Before KEITH, KRUPANSKY, and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Defendant, Raymond L. McClendon, appeals from the judgment of conviction and sentence entered by the district court on April 27, 2001, following Defendant's guilty-plea conviction for one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of possession of firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), for which Defendant was sentenced to 180 months' imprisonment to be followed by 4 years' supervised release.

Defendant raises a single issue on appeal challenging the district court's application of USSG 3C1.1 to enhance Defendant's base offense level by two levels for obstruction of justice. For the reasons set forth in this memorandum, we VACATE the obstruction of justice enhancement under § 3C1.1, and REMAND the case for resentencing after specific findings have been made consistent with the type mandated by *United States v. Dunnigan*, 507 U.S. 87, 85, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) and *United States v. Spears*, 49 F.3d 1136 (6th Cir.1995), *abrogated on other grounds, United States v. Wells*, 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997).

## STATEMENT OF FACTS

Defendant was charged in a six-count indictment on April 18, 2000, with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(B) (Count 1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) (Count 2); possession of firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Counts 3 and 5); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 4); possession, concealment, and storage of stolen firearms, in violation of 18 U.S.C. § 922(j) (Count 6); and with forfeiture allegations. On July 19, 2000, the federal grand jury returned a superseding indictment making certain technical changes to the first two counts of the original indictment.

Defendant filed a motion to suppress the evidence and for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The district court, via the magistrate judge, entered a memorandum and order denying Defendant's request for a *Franks* hearing, and set July 6, 2000 as the hearing date for the remaining issues to be decided. On the issue of the *Franks* hearing, Defendant alleged that the affiant seeking the search warrant, Deputy Scott Wilson of the Monroe County Sheriff's Department and Director of the Metro Narcotics Unit, intentionally or with reckless disregard for the truth, omitted material facts from his affidavit which affected the probable cause determination. The magistrate was not persuaded by Defendant's argument finding that Defendant simply came forth with conclusory allegations which were insufficient to warrant a *Franks* hearing. On July 5, 2000, Defendant filed an affidavit contesting statements made by Deputy Wilson in his supporting affidavit to the search warrant.

The July 6, 2000 suppression hearing was held at which time Defendant challenged the voluntariness of statements that he made to officers, whether certain evidence not covered by the search warrant was lawfully seized, whether the search of Defendant's van was proper, as well as issues related to the *Franks* hearing. Both Deputy Wilson and Defendant testified at the suppression hearing, each providing conflicting testimony on various points. The magistrate judge issued a report recommending once again that Defendant's motion for the *Franks* hearing be denied, while also recommending that Defendant's motion to suppress be denied. In connection with the motion for the *Franks* hearing, the magistrate noted that

> Director Wilson stated in his affidavit that he personally monitored (by radio) a drug transaction between [confidential informant] SOI 44 and defendant at defendant's residence on February 12, 2000. In his testimony, during the evidentiary hearing, the defendant testified that he had never sold methamphet-

amine on his property. Clearly, then, either the defendant or Director Wilson is not being truthful. Director Wilson reaffirmed his statements in the affidavit at the evidentiary hearing.

(J.A. at 58–59.) Defendant filed objections to the magistrate's report and recommendation, and thereafter the district court overruled the objections and accepted the recommendation to deny the motion.

Defendant entered into a plea agreement on November 30, 2000, wherein Defendant agreed to plead guilty to Counts 2 and 3 of the superseding indictment in exchange for the government's dismissal of the remaining counts. Defendant's case was referred to the United States Probation and Parole Office for preparation of a presentence investigation report ("PSR"), and transcripts of Defendant's suppression hearing were provided to the probation officers to aid in the preparation of the PSR. Relevant to this appeal, the PSR included the following:

> Information received from the U.S. Attorney's Office indicates the defendant committed perjury, while under oath, during a motion to suppress hearing before the Honorable Robert P. Murrian, Chief U.S. Magistrate Judge. Specifically, the defendant told the Court that he never sold drugs from his residence at 548 Circle Street Madisonville, Tennessee, when in fact he had previously sold drugs to a confidential informant. In addition, the defendant suggested to the Court that he followed one of the law enforcement officers onto his property without the officer taking notice of him until several minutes later after other officers approached him. At the time defendant McClendon made these and other perjurious statements to the

Court, he knew them to be untruths. In addition, Magistrate Judge Murrian, in his Report and Recommendation denying the defendant's motion to suppress, determined that the defendant's testimony was not credible. Accordingly, the defendant will receive a two-level enhancement for obstruction of justice pursuant to USSG § 3C1.2.

(J.A. at 301.)[1] Defendant's base offense level was 32, and with the two-level enhancement for obstruction of justice, the adjusted base offense level was 34. However, the PSR also found that a three-level reduction for acceptance of responsibility was in order inasmuch as Defendant had admitted to committing the offense and this appeared to be an "extraordinary" case. As a result, Defendant's final adjusted offense level was 31, and with a criminal history category of I, the PSR listed Defendant's sentencing range at 108 to 135 months' imprisonment, with a minimum consecutive 60 month sentence for the § 924(c) violation.

Defendant filed a twelve-page objection to the PSR where, relevant to this appeal, Defendant stated:

> Mr. McClendon objects to the enhancement assessed by Probation Officer Adrienne Simpson–Brown in paragraph 9 of the report under United States Sentencing Guidelines (U.S.S.G.) 3C1.2 which calls for a two-level enhancement for obstruction of justice. Ms. Simpson–Brown assessed the enhancement on the basis of her belief that Mr. McClendon perjured himself in several statements made before the court during a hearing on a Motion to Suppress filed by his previous attorney, Steven B. Ward. The defendant argues that

---

**1.** Although the PSR makes reference to USSG 3C1.2, the parties agree that the applicable guideline section is § 3C1.1.

the questioned statements did not obstruct or impede the investigation, prosecution or sentencing of his offenses of conviction.

(J.A. at 93.)

Defendant was sentenced on April 27, 2001, at which time the district court found that the obstruction of justice enhancement applied. Defendant was sentenced to 120 months' imprisonment on Count 2, and to 60 months' imprisonment on Count 3, to be served consecutively. Defendant filed this timely appeal.

## DISCUSSION

### Standard of Review

When the facts are in dispute, this Court reviews a district court's factual findings at sentencing for clear error, and its application of the sentencing guidelines *de novo*. *United States v. Pierce*, 17 F.3d 146, 151 (6th Cir.1994).

### Analysis

Section 3C1.1 provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing, of the instant offense, ... increase the offense level by 2 levels." USSG § 3C1.1. Application note 4 to § 3C1.1 provides specific examples of the type of conduct to which this section applies, and specifically lists "perjury" as an example. USSG § 3C1.1 comment. (n.4(b)). In *United States v. Dunnigan*, 507 U.S. 87, 85, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), the Supreme Court outlined the requirements necessary to support an obstruction of justice enhancement based on perjury. Specifically, the Court opined that the district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of jus-

tice ... under the perjury definition." *Id.* This Court has interpreted *Dunnigan* to require the district court to "identify for the record at least some specific instances of conflicting testimony and specify which portions of the defendant's testimony he finds materially perjurious." *United States v. Spears*, 49 F.3d 1136, 1143 (6th Cir.1995) *abrogated on other grounds*, *United States v. Wells*, 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997)). "Material information is information that, if believed, would tend to influence or affect the issue under determination." *United States v. Crousore*, 1 F.3d 382, 385 (6th Cir.1993) (citing USSG § 3C1.1 comment. (n.5)).

In the matter at hand, the district court's findings regarding the application of the two-level enhancement for obstruction of justice under § 3C1.1 fell short of those required under *Dunnigan* and *Spears* inasmuch as the court failed to "identify for the record at least some specific instances of conflicting testimony and specify which portions of [Defendant's] testimony he [found] materially perjurious." *Spears*, 49 F.3d at 1143. For example, the record indicates that at sentencing, the judge's sole findings as to the application of § 3C1.1 were made in the following colloquy between the court and counsel for the parties:

MR. COOK (prosecutor): And the other question I had was with respect to the obstruction of justice.

THE COURT: To run consecutive. The obstruction of justice, the 60 months, to run consecutive to the 120, and I'm not finding–there is no finding of obstruction of justice.

MR. COOK (prosecutor): The problem there, judge, is that–we have two different adjustments at issue. One of them was the acceptance of responsibility. The parties have agreed–

THE COURT: Well, well, so far as this letter's concerned. But there's obstruction of justice at the time, but acceptance of responsibility. I'm glad you cleared that up.

MR. COOK (prosecutor): Thank you, your honor. And is the court finding that he did commit perjury, making specific findings that are necessary under the guidelines to hold that, or perhaps Ms. Ford is not pursuing that objection?

THE COURT: It's been agreed that he was not fully truthful at the time.

MS. FORD (defense coun): We are relying on our written objection. We are not adding any argument or presenting any proof, and then the court can make whatever findings based on the record.

THE COURT: Well, I find that he was not truthful at that time and therefore should be charged with obstruction of justice.

MR. COOK (prosecutor): Thank you, your honor. Was that also that it was a material false statement?

THE COURT: Yes, it was material.

MR. COOK (prosecutor): Thank you, you honor.

(J.A. at 294–95.)

As Defendant argues on appeal, to the extent that the district court made any type of findings at all in connection with the court's application of § 3C1.1, the court did so as coached by the prosecutor. And, even so, the court's generalized statement that Defendant was not truthful at the time, as well as the court's acknowledgment at the behest of the prosecution that Defendant's untruths were "material," fail to meet the requirements of *Dunnigan* and *Spears*.

Indeed, in *Spears*, this Court held that the district judge failed to comply with the requirements when imposing a § 3C1.1 enhancement when, after reviewing the testimony of two other witnesses, the court opined that " 'I do believe that [the defendant] testified falsely at the trial....' " *Spears*, 49 F.3d at 1143–44. This Court noted that although "[o]ne could fairly infer from the record that the judge's statement concerned those portions of [the defendant's] testimony that conflicted with the testimony of [the two other witnesses] as to material information regarding [the defendant's] involvement in the charged offenses[,] ... more than inference is required [under *Dunnigan*.]" *Id.* at 1144. As a result, the Court held that "[b]ecause the judge did not identify with specificity the portion of [the defendant's] testimony that he found to be intentional lies, or address their materiality, it is necessary to vacate the obstruction enhancement and remand for resentencing after specific findings consistent with this opinion." *Id.* at 1144.

As in *Spears*, because the sentencing judge in the matter at hand failed to identify with specificity those portions of Defendant's testimony that he found to be intentional lies, and failed to address the materiality of the lies in any type of substantive manner, we must vacate the § 3C1.1 obstruction of justice enhancement and remand the case to the district court for resentencing after specific fact finding in this regard. *See Spears*, 49 F.3d at 1144. The government's argument that the record "as a whole" supports the district court's application of § 3C1.1 and satisfies *Dunnigan* and *Spears* flies in the face of our decision in *Spears*, where we specifically rejected the argument that one could infer factual support from the record when analyzing whether a requisite factual basis had been established by the sentencing court. *See Spears*, 49 F.3d at 1144.

We are not persuaded otherwise by the government's argument on appeal that Defendant waived this issue. The government contends that because Defendant indicated to the court that it had done all it needed to do with respect to imposing the § 3C1.1 enhancement, Defendant should now be foreclosed from complaining that the court did not engage in proper fact finding. The cases upon which the government relies in support of its argument are those wherein the defendant did not object at sentencing, or those wherein the defendant agreed with the court's course of conduct. Here, however, Defendant specifically objected to the court's application of the § 3C1.1 enhancement. Contrary to the government's claim, Defendant did not indicate to the court that it had done all it needed to do with respect to fact finding. Specifically, defense counsel stated to the court, "[w]e are relying on our written objection. We are not adding any argument or presenting any proof, *and then the court can make whatever findings based on the record.*" (J.A. at 295 (emphasis added).) The fact that the court did not go on to engage in the type of fact finding required when applying the § 3C1.1 enhancement is a deficiency attributable to the court, not to Defendant. *See Spears*, 49 F.3d at 1143 (noting that under *Dunnigan*, the *sentencing judge* must identify for the record at least some instances of conflicting testimony).

Similarly, we are not persuaded by the government's alternative argument that Defendant did not clearly raise a factual challenge to the obstruction of justice enhancement before the district court and, therefore, the requirement that the court make specific factual findings in this regard was not triggered. In support of this argument, the government relies upon USSG § 6A1.3 and Federal Rule of Criminal Procedure 32(c)(1), authorities regarding fact finding and resolution of disputed facts, and attempts to distinguish *Dunnigan* from the matter at hand. The government's protracted and convoluted arguments do nothing to change the applicability of *Dunnigan* to the matter at hand and, as indicated above, the district court failed to comply with the mandates of *Dunnigan*. *See* 507 U.S. at 809, 113 S.Ct. 1792. Indeed, the government coached the district court to comply with *Dunnigan's* mandates at sentencing and, using the governments logic, it should therefore not be allowed to argue on appeal that *Dunnigan* does not apply. *See* J.A. at 294–95 (illustrating where the government inquired of the district court "[a]nd is the court finding that he did commit perjury, *making specific findings that are necessary under the guidelines* to hold that ...").

## CONCLUSION

Because the district court did not identify with specificity the portions of Defendant's testimony that it found to be intentional lies, and failed to address the materiality of the lies, we VACATE the obstruction of justice enhancement under § 3C1.1 based on Defendant's alleged perjurious conduct, and REMAND the case for resentencing after specific findings have been made consistent with the type mandated by *Dunnigan* and *Spears*.